UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MATTHEW STEVEN LENART,
    Debtor.
_____/

Case No. 13-33694-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

M.H. MANAGEMENT, INC.,

    Plaintiff,

v.

MATTHEW STEVEN LENART,

    Defendant.
_____/

Adversary Proceeding
Case No. 14-3145-dof

## OPINION REGARDING DEFENDANT'S MOTION TO DISMISS COMPLAINT

### Introduction

The Defendant, Matthew Lenart, seeks dismissal of this adversary proceeding filed against him by the Plaintiff, M.H. Management, Inc., because the Complaint was filed after the initial deadline. The Plaintiff disputes the Defendant's contentions and requests that this adversary proceeding continue.

### Findings of Fact

The Defendant was the day-to-day operations manager for a real estate project operated by the Plaintiff. In 2009, the Plaintiff fired the Defendant because the Plaintiff believed that the Defendant was misusing a credit card for his own personal use and not for business purposes. Subsequently, the credit card issuer, Capital One, filed a lawsuit against the Plaintiff and the Defendant in Bay County Circuit Court to collect the outstanding amount on the credit card. The

1

Plaintiff filed a cross-complaint against the Defendant alleging that the Defendant committed embezzlement, conversion, fraud, and/or larceny in regard to the use of the credit card. In addition to the Capital One account, the Plaintiff alleges that the Defendant committed other acts that improperly separated the Plaintiff from its money, all to the benefit of the Defendant.

For reasons unrelated to this adversary proceeding, a decision of the Bay County Circuit Court was appealed to the Michigan Court of Appeals and ultimately reversed on January 28, 2014.

In the meantime, the Defendant filed a Chapter 7 petition with this Court on November 4, 2013, and the first meeting of creditors was held on December 9, 2013. Given this timing, the deadline to file an objection to discharge and a nondischargeability proceeding was February 7, 2014. Since no objection was filed, this Court entered a discharge to the Defendant on February 10, 2014.

Per the Plaintiff's counsel, he was not aware that the Defendant filed Chapter 7 until he had a conversation with the Defendant's state court counsel on February 6, 2014. As a result of this conversation, the Defendant amended his Schedule F on March 18, 2014, to include and disclose the continued debt that he owed to the Plaintiff. Ten days later, the Plaintiff filed a motion seeking the right to conduct a first meeting of creditors and the Defendant filed a response to that motion. The Court conducted a hearing on the Plaintiff's motion on June 4, 2014, and entered an order on June 10, 2014, allowing for the examination of the Defendant pursuant to Fed. R. Bankr. P. 2004. The June 10, 2014, Order also contained language that directed the Plaintiff to file any objection or exception to the Debtor's discharge on or before August 29, 2014. The June 10, 2014, Order also reserved the right of the Debtor to file any affirmative defense and assert arguments based on any appropriate statute of limitations. On August 27, 2014, the Plaintiff filed the Complaint initiating

2

this adversary proceeding and the Defendant filed the instant Motion to Dismiss. The Court conducted a hearing regarding the Defendant's Motion to Dismiss on December 3, 2014, and took this matter under advisement.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Applicable Law

The Federal Rules of Bankruptcy Procedure state that "a complaint to determine the dischargeability of a debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(c)." Fed. R. Bank. P. 4007(c). Additionally, any motion to extend the time for filing such a complaint "shall be made before the time [to file the complaint] has expired." *Id.* Under Bankruptcy Rule 9006, courts may enlarge the time for taking action under Rule 4007 "only to the extent and under the conditions stated" in Rule 4007. Fed. R. Bank. P. 9006(b)(3). These rules, however, must be read together with the general powers given to the courts in bankruptcy under 11 U.S.C. § 105, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the

3

raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003).  Traditionally, courts have applied these concepts together by applying the doctrine of equitable tolling.

In *Pace v. Diguilielmo,* 544 U.S. 408 (2005), the United States Supreme Court held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418.  Two years earlier, the Sixth Circuit Court of Appeals articulated five factors for a court to consider:

(1) lack of actual notice of filing requirement;

(2) lack of constructing knowledge of filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudices to the defendant; and

(5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003).

Most recently, the Sixth Circuit Bankruptcy Appellate Panel reconciled these elements by observing

For present purposes, however, the analysis is essentially the same whether one looks to *In re Maughan* or *Diguilielmo* because Appellant's argument focuses on the factor in the *In re Maughan* test that overlaps the two factor test of *Diguilielmo*, the movant's diligence in pursuing his rights.

*In re Doyne*, 520 B.R. 566, 571 (B.A.P. 6th Cir. 2014).

4

14-03145-dof    Doc 19    Filed 01/14/15    Entered 01/14/15 12:49:32    Page 4 of 7

Analysis

The Court starts with an analysis of the *Diguilielmo* factors and applies *Maughan* afterward. In this case, the Plaintiff vigorously pursued its appellate rights in state court as to the claims asserted against it by Capital One. In doing so, the Plaintiff could not take action against the Defendant. In the meantime, the Defendant filed a Chapter 7 petition with this Court, but did not list the Plaintiff as a creditor. It was not until the Michigan Court of Appeals reversed the Circuit Court that the Plaintiff began anew to assert its claims against the Defendant. When it did, the Plaintiff's counsel was informed of the Defendant's bankruptcy as early as February 6, 2014.

The Defendant corrected his error by amending his Schedules on March 18, 2014, to include the Plaintiff. Ten days later, the Plaintiff's counsel sought the right to examine the Defendant, but did not ask for any extension of the deadline to file a complaint, as was required by Rule 4007(c). It was not until the June 4, 2014, hearing that the timeliness of the Plaintiff's actions was questioned, or the need for an attendant extension was raised. The Court, in order to allow the parties to develop a record, allowed an examination of the Defendant, but set a deadline for the Plaintiff to act. The Plaintiff did file its complaint within the deadline set in the Order.

While the Court can see that the Plaintiff was diligent to satisfy the first element of *Diguilielmo* and the first and third element of *Maughan*, the Court cannot find an extraordinary circumstance blocking the Plaintiff after the March 18, 2014, amendment to Schedules. By that date, the Plaintiff was informed that the Defendant had filed bankruptcy and had known that fact for a month. The Plaintiff could have, but did not, request an extension as early as March 18, 2014, and certainly had a clear avenue and right to do so with its March 28, 2014, motion. The Plaintiff did not do anything to request an extension until the issue came up on June 4, 2014, which was 77 days

5

14-03145-dof    Doc 19    Filed 01/14/15    Entered 01/14/15 12:49:32    Page 5 of 7

after the Defendant amended his Schedules and 67 days after the Plaintiff's motion. The Plaintiff cannot point to, and the Court cannot see, any extraordinary circumstance blocking the Plaintiff with these facts.

The same is true under an analysis of elements 4 and 5 of *Maughan*. While the Court initially gives slight weight to the prejudice to the Defendant element because the Defendant did not originally list the Plaintiff, this element does weigh somewhat in the Defendant's favor given the Plaintiff's lack of action after March 18, 2014. As to element 5, it is simply not reasonable to remain ignorant of the time limits set by Rule 4007(c), as applied to a 60 day period after the Plaintiff was listed as a creditor.

The Court has considered that perhaps the Plaintiff thought the 60 day deadline would not begin to run until the Court rescheduled a first meeting of creditors. While intriguing, the Court notes that the Plaintiff did not argue this reading of Rule 4007(c). Second, the record does not support any finding of the second *Diguilielmo* element as required by the United States Supreme Court. Nothing stopped the Plaintiff from asking for an extension after formal notice on March 18, 2014, and nothing appears in the record to support a finding that extraordinary circumstances stood in the Plaintiff's way.

Accordingly, the Court concludes that the Defendant's Motion to Dismiss is granted. The Court will enter an Order dismissing this adversary proceeding.

**Signed on January 14, 2015**
            **/s/ Daniel S. Opperman**
          **Daniel S. Opperman**

6

14-03145-dof  Doc 19  Filed 01/14/15  Entered 01/14/15 12:49:32  Page 6 of 7

United States Bankruptcy Judge